**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| EYETALK365, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BIRD HOME AUTOMATION, LLC.<br>*Defendant*. | Civil Action No. 3:16-cv-00858<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Complaint against Defendant Bird Home Automation, LLC ("Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**THE PARTIES**

2. Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031.

3. Upon information and belief, Defendant Bird Home Automation, LLC is a limited liability company organized under the laws of the State of California with its principal place of business at 201 Spear Street, Suite 1100, San Francisco, California 94105, and can be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process, National Registered Agents, Inc., 818 West 7th Street, Suite 930, Los Angeles, CA 90017.

4. Eyetalk is in the business of providing wireless security solutions and owns a number of patents related to entryway management. Eyetalk's patent portfolio is seminal intellectual property in the field of entryway management including inventions related to video doorbell technology. Some of the largest companies in the entryway management industry have taken licenses to Eyetalk's patent portfolio without litigation. Eyetalk's notable licensees include The Chamberlain Group, Inc., HeathCo, LLC, and Bot Home Automation, Inc.—makers of the "Ring" video doorbell. These companies and Eyetalk worked together to license Eyetalk's portfolio without the need for wasteful litigation. Thus, there is no doubt that Eyetalk's patent portfolio includes pioneering inventions related to the entryway management industry.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting direct infringement as alleged herein occurring within this forum.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,485,478**

9. The allegations set forth in the foregoing paragraphs 1 through 36 are hereby realleged and incorporated herein by reference.

10. On November 1, 2016, United States Patent No. 9,485,478 (the "'478 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United

States Patent and Trademark Office. A true and correct copy of the ’478 Patent is attached as Exhibit A to this Complaint.

11. Eyetalk is the assignee and owner of the right, title and interest in and to the ’478 Patent, including the right to assert all causes of action arising under the ’478 Patent and the right to any remedies for infringement.

12. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’478 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9, and 21 of the ’478 Patent without the authority of Eyetalk. Upon information and belief, Defendant’s infringing products include at least the DoorBird video door station (the “DoorBird”).

13. For example, upon information and belief, Defendant’s DoorBird is able to detect the presence of a person at an entrance:




Fig. 1 (http://www.doorbird.com/howitworks)




Fig. 2 (http://www.doorbird.com)

14. Upon information and belief, Defendant's DoorBird is able to transmit, to a computerized controller running a software application, real-time streaming video of the person at the entrance recorded using a camera located proximate the entrance. *See, e.g.*, Fig. 1 and Fig. 2 above. *See also* Figs. 3-4 below.




Fig. 3 (https://www.doorbird.com/)




Fig. 4 (https://www.doorbird.com/howitworks)

15. Upon information and belief, Defendant's DoorBird is able to provide, with the software application running at the computerized controller, a graphical user interface to a remote peripheral device by which a user of the remote peripheral device, which comprises a cell phone that is configured to display the video transmitted wirelessly by the camera, may view the video of the person at the entrance. *See, e.g.*, Figs. 1-4 above.

16. Upon information and belief, Defendant's DoorBird is a wireless device comprising a proximity sensor, a microphone, a speaker, a video camera, a keypad having one or more buttons, and a playing component that records audio and video communications from the person at the entrance. *See, e.g.*, Fig. 4 above.

17. Upon information and belief, Defendant provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Figs. 1-4 above.

18. Upon information and belief, Defendant's DoorBird is able to transmit, through the internet, real-time streaming digital video wirelessly. *See, e.g.*, Figs. 1-4 above.

19. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the ’478 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the ’478 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9 and 21 of the ’478 Patent without the authority of Eyetalk. *See, e.g.*, Fig. 1 above.

20. Defendant has had knowledge of the ’478 Patent since at least the filing date of this Complaint.

21. Because of Defendant’s infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,516,284**

22. The allegations set forth in the foregoing paragraphs 1 through 21 are hereby realleged and incorporated herein by reference.

23. On December 6, 2016, United States Patent No. 9,516,284 (the “’284 Patent”), entitled “Communication and Monitoring System,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’284 Patent is attached as Exhibit B to this Complaint.

24. Eyetalk is the assignee and owner of the right, title and interest in and to the ’284 Patent, including the right to assert all causes of action arising under the ’284 Patent and the right to any remedies for infringement.

25. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’284 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including

within this judicial district, that infringe at least claims 1, 6, and 13 of the '284 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the Doorbird video door station (the "DoorBird").

26. For example, upon information and belief, Defendant's DoorBird is able to receive a person at an entrance. *See, e.g.*, Figs. 1-2 above.

27. Upon information and belief, Defendant's DoorBird is able to transmit streaming video data wirelessly using an exterior device associated with a door comprising a camera, a microphone, a proximity sensor, and a keypad having one or more buttons, after one of the one or more buttons on the keypad is pressed at the entrance. *See, e.g.*, Figs. 1-4 above.

28. Upon information and belief, Defendant's DoorBird also has an electrical connection.




Fig. 5 (http://www.doorbird.com/comparison)

29. Upon information and belief, discovery will show that the Defendant's DoorBird also contains a battery.

30. Upon information and belief, Defendant's DoorBird is able to detect the presence of a person through the proximity detector and provide real-time streaming digital video and audio data from the exterior device to the peripheral device via the software application after the person is detected. *See, e.g.*, Figs. 1-4 above.

31. Upon information and belief, Defendant's DoorBird is able to transmit an alert to the peripheral device after one or more buttons on the keypad of the exterior device are pressed which can be displayed on the software application running on a peripheral device that can be associated with a user. *See, e.g.*, Figs. 1-4 above.

32. Upon information and belief, the peripheral device, which can be a cellphone, is able to receive and display the streaming video data and audio wirelessly using a software application. *See, e.g.*, Figs. 1-4 above.

33. Upon information and belief, Defendant's DoorBird is able to let someone speak with a person at the entrance through the software application running on the peripheral device. *See* Figs. 1-4 above.

34. Upon information and belief, Defendant's DoorBird is able to let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

35. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '284 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '284 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district,

that infringe at least claims 1, 6, and 13 of the ’284 Patent without the authority of Eyetalk. *See, e.g.*, Fig. 1 above.

36. Defendant has had knowledge of the ’284 Patent since at least the filing date of this Complaint.

37. Because of Defendant’s infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A. An adjudication that Defendant has infringed the ’478 and ’284 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant’s past infringement of the ’478 and ’284 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An order requiring Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff’s reasonable attorneys’ fees;

E. An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated: December 21, 2016

*/s/ K. Alan Parry*


K. Alan Parry
NC State Bar No. 31343
Michelle M. Walker
NC State Bar No. 41664
**PARRY TYNDALL WHITE**
The Europa Center
100 Europa Drive, Suite 401
Chapel Hill, NC 27517
Phone: 919-246-4676
Fax: 919-246-9113
aparry@ptwfirm.com
mwalker@ptwfirm.com

*Pro hac vice motions to be submitted:*

Gary R. Sorden
TX State Bar No. 24066124
Tim Craddock
TX State Bar No. 24082868
**KLEMCHUK LLP**
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel. 214.367.6000
Fax 214.367.6001

*Attorneys for Plaintiff*
*Eyetalk365, LLC*